THOMAS H. CLARKE, JR. (SBN 47592)
TIMOTHY A. DOLAN (SBN 209674)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105-1667
Tel:  (415) 543-4800
Fax:  (415) 972-6301
tclarke@rmkb.com
tdolan@rmkb.com

Roger W. Simpson, Esq.
Cotkin and Collins
300 S. Grand Avenue, 24th Floor
Los Angeles, CA 90071
Tel:  213 688 9350
Fax:  213 688 9351
rogersimpson@cotkincollins.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF POMONA,<br><br>        Plaintiff,<br><br>v.<br><br>CONTINENTAL INSURANCE COMPANY, et al.,<br><br>        Defendants. | CASE NO. CV-07-07703 ODW<br><br>**SPECIALLY APPEARING ROPERS MAJESKI KOHN & BENTLEY, THOMAS H. CLARKE, JR., DR. LORNE EVERETT AND SCS ENGINEERS, INC.'S** *EX PARTE* **APPLICATION FOR PROTECTIVE ORDER AND/OR TO QUASH OR MODIFY SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Judge:**  Hon. Paul L. Abrams |

Specially appearing non-parties Ropers Majeski Kohn & Bentley ("RMKB"), Thomas H. Clarke, Jr. ("Clarke"), SCS Engineers, Inc. ("SCS") and Dr. Lorne Everett ("Everett") apply for an order quashing, modifying or protecting them from subpoenas issued by defendant Zurich American Insurance Company.

Pursuant to Local Rule 7-19, the specially moving parties state as follows:

1. Zurich American Insurance Company ("Zurich") is represented by Holly S. Burgess of the law firm Selman Breitman LLP, located at 550 West "C" Street, Suite 1950, San Diego, CA 92101.

2. Zurich issued subpoenas to each of the specially moving parties which are facially void, invalidly served due to the failure to tender witness fees, and/or are unduly burdensome due to the unreasonable short time periods they provide for compliance.

3. *Ex parte* relief is necessary because the time periods set forth in Zurich's subpoenas do not allow for a motion filed on regular notice to be heard prior to the subpoenas' compliance dates. In this regard, the subpoenas require compliance as early as Wednesday of this week.

4. Zurich's abuse of this Court's subpoena power is unnecessary. The specially appearing parties have <u>twice</u> been served with essentially identical subpoenas in this action by other defendants and have produced documents and made witnesses available. However, before compliance with those subpoenas was complete, the issuing defendants settled out of this action. Zurich did not join in, or take any action in connection with, those subpoenas.

5. Counsel for Zurich was notified of this application via facsimile and e-mail at the time it was filed.

Dated: December 15, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
THOMAS H. CLARKE, JR.
TIMOTHY A. DOLAN

RC1/5230037.1/TAD — - 2 - — *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AND/OR TO QUASH OR MODIFY SUBPOENAS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.<br>INTRODUCTION

Specially Appearing parties Ropers Majeski Kohn & Bentley ("RMKB"), Thomas H. Clarke, Jr. ("Clarke"), SCS Engineers, Inc. ("SCS") and Dr. Lorne Everett ("Everett") were served by Zurich American Insurance Company, a defendant in the above captioned action, with subpoenas issued from this court on or about December 9, 2008. RMKB is specially appearing on behalf of each of the above named third parties, each of which requests that this Court issue a protective order and/or quash or modify the subpoenas for the reasons set forth below.

## II.<br>PROCEDURAL BACKGROUND

Rather than coordinate their efforts in obtaining non-party discovery in this action to lessen the burden on all involved, three of the defendants have served—on three separate occasions—subpoenas seeking essentially the same information. The first of these subpoenas was issued by Pacific Indemnity Company on or about November 3, 2008. Declaration of Timothy A. Dolan ("Dolan Decl."), ¶ 1, filed herewith. These subpoenas sought documents and deposition testimony from SCS, Haley & Aldrich (Everett's employer), RMKB and Clarke. SCS and Haley & Aldrich produced responsive documents. RMKB retrieved approximately 40 boxes of documents from its storage facility and file room and began its review for responsive and/or privileged materials. Dolan Decl., ¶ 2. The parties negotiated an agreed upon deposition schedule. *Id.*, ¶ 3. However, Pacific Indemnity settled with the plaintiff in this action and its subpoenas were withdrawn before RMKB produced any documents and before any depositions were prepared for or taken. All work related to these subpoenas ceased.

On or about November 26, 2008, defendant Stonebridge served a second set of subpoenas on the specially appearing moving parties. Dolan Decl., ¶ 5. These

RC1/5230037.1/TAD — - 3 - — EX PARTE APPLICATION FOR PROTECTIVE ORDER AND/OR TO QUASH OR MODIFY SUBPOENAS

subpoenas were essentially the same save for a much broader subpoena to SCS. *Id* This broader subpoena required a second review of the SCS documents. Stonebridge and RMKB agreed upon a rolling production of RMKB's documents. *Id.*, ¶ 6 The first stage was production of the pleadings and discovery file, the second was to be all non-correspondence and the third correspondence. *Id.* The reason for the rolling production was because RMKB anticipated it would take a significant amount of work and time to review its file. Deposition dates were agreed upon with the exception of Everett, who is unavailable until the first week of January. *Id.*, ¶ 7. RMKB produced its pleading and discovery files to Stonebridge. Shortly thereafter, Stonebridge settled with the plaintiff in this action and, for the second time, all work relating to responding to the subpoenas ceased, including the review of RMKB's file and prior to any preparation for the depositions. *Id.*, ¶8.

Now, for the third time, moving parties have been served with subpoenas by a defendant in this action. These subpoenas establish unreasonably short times for response or appearance, were not issued or served in accord with the Federal Rules and are overly broad and burdensome. Further, while the moving parties appreciate that litigation sometimes requires discovery of third-party information, the manner in which the defendants in this action have proceeded now borders on harassment. For the reasons set forth below, moving parties respectfully request that the Court enter a protective order and/or quash or otherwise modify the subpoenas.

### III.
### ARGUMENT

**A. THE COURT MAY ENTER ORDERS PROTECTING THE MOVING THIRD PARTIES AND FURTHER MAY QUASH OR MODIFY THE SUPOENAS**

This Court may issue a protective order pursuant to Fed. R. Civ. P. 26(c)(1) and 45(c). To obtain such an order, the moving party must show a particular and specific need. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 2000). However, when, as is the case here, discovery is sought from third parties courts are

more permissive and orders are more easily obtained. *Dart Industrial Co. v. Westwood Chemical Co., Inc.*, 649 F. 2d 646, 649 (9th Cir. 1980.) Additionally, the Court may quash or modify subpoenas which fail to meet the requirements of Fed. R. Civ. Proc. 45 or other applicable requirements.

As described below, some or all of this available relief is required here.

### B. THE SUBPOENA AS TO RMKB AND CLARKE DEPOSITION MUST BE QUASHED AND ANY SUBSEQUENT SUBPOENA MUST PROVIDE A REASONABLE TIME PERIOD IN WHICH TO RESPOND

A subpoena must issue from the court for the district in which the deposition is to be taken, or in which the records are to be produced for inspection. Fed. R. Civ. P. 45(a)(2)(B)-(C). Failure to issue a subpoena from the proper court renders it void. *Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994).

Zurich's subpoenas to RMKB and Clarke are void and must be quashed. Both are issued by the United States District Court for the Central District of California. Dolan Decl., Exhs A-B. RMKB's San Francisco office (which is the office at which documents were to be produced) and Clarke are in the Northern District of California, as is the place of the document production and Clarke's deposition. *Id.* Zurich's subpoenas to RMKB and Clarke thus violate the Federal Rules, are void and must be quashed.

#### 1. Any Subsequent Subpoena Must Provide a Reasonable Time Period In Which to Respond

Zurich's subpoena demanded that RMKB produce:

> Your entire file for the case *City of Pomona v. Faull, et al.,* Case No. CV-05-2353, filed in the United States District Court, Central of California, including, but not limited to: trial transcripts, deposition transcripts, all written discovery and responses propounded by and against the City, attorney pre-bills, consultant reports, expert reports and correspondence.

Dolan Decl., Exh. A.

The referred to *Pomona v. Faull* action was a vigorously litigated multi-party

RC1/5230037.1/TAD - 5 - EX PARTE APPLICATION FOR PROTECTIVE ORDER AND/OR TO QUASH OR MODIFY SUBPOENAS

environmental case that went to trial and was thereafter appealed. The documents and records created in that case are voluminous. Moreover, the requested records are interspersed with attorney-client communications and confidential attorney work product and thus each document must be reviewed for privileged or confidential materials. Examining these documents, and preparing a record of withheld documents in accord with Fed. R. Civ. P. 45(d)(2), will take substantial effort and time.

This Court is required to quash or modify subpoenas which fail "to allow a reasonable amount of time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i). Here, Zurich served its subpoena less than three days prior to the date RMKB was purportedly required to produce its entire file. Dolan Decl., Exh. A. Zurich's demand for production of virtually every document in a multi-party environmental action that went to trial on less than three days notice was patently unreasonable.

Accordingly, assuming Zurich will reissue subpoenas from the correct court, this Court must require Zurich to provide a reasonable response time. RMKB requests a period of 14 business days.

C. **THE SUBPOENA AS TO EVERETT MUST BE QUASHED FOR FAILURE TO TENDER WITNESS FEES AND ZURICH MUST BE REQUIRED TO PROVIDE EVERETT REASONABLE NOTICE OF HIS DEPOSITION**

1. **Zurich's Failure to Tender Witness Fees Renders Service of Lorne Everett Invalid**

Zurich served its subpoena of Dr. Lorne Everett of Haley & Aldrich on or about December 11, 2008. No witness fees were tendered with the subpoena. Dolan Decl., ¶ 10, Exh. E.

Federal Rule of Civil Procedure 45(b)(1) requires the "tendering of fees for 1 day's attendance and the mileage allowed by law." Failure to tender these fees <u>invalidates the service</u>. *CF & I Steel Corp. v. Mitsui & Co. (USA)*, 713 F. 2d 494, 496 (9th Cir. 1983)("we hold the plain meaning of Rule 45(c) requires <u>simultaneous</u> tendering of witness fees and the reasonably estimated mileage allowed by law with

service of a subpoena")(emphasis added). Failure to tender these fees warrants quashing the subpoena. *Id.*; *see also In re Dennis,* 330 F. 3d 696, 705 (5th Cir. 2003) (failure to tender estimated mileage fees—even if only a few dollars—may justify quashing subpoena).

Because Zurich failed to tender fees to Everett the subpoena must be quashed.

### 2. Everett Is Entitled to His Full Hourly Fee At Any Deposition Taken by Zurich

Should Zurich reissue an subpoena and tender witness fees, it must be required to pay Everett's full hourly fee of $685.00.[1] Everett is an expert hydrologist who has not been retained in this action by any party. Where a subpoena seeks to obtain an unretained expert's opinion based on studies not made at the request of any party it may be quashed or modified. Fed. R. Civ. P. 45(c)(3)(B)(ii). The reason for this is to protect the intellectual property of unretained experts.

Everett is an expert who has not been retained by any party to this action. The subpoena indicates he will be required to offer testimony in his area of expertise. Dolan Decl., Exh. C. Accordingly, the subpoena should either be quashed or modified to provide that Everett receives the hourly amount he charges in the course of his business for providing deposition testimony.

### D.  EVERETT, SCS AND CLARKE MUST BE AFFORED REASONABLE NOTICE OF THEIR DEPOSITIONS

Zurich served its subpoena on December 11, 2008 commanding Everett's attendance at a deposition six days later. Its subpoena to SCS provides eight days notice. The subpoena to Clarke provides nine days notice. *See* Dolan Decl., Exhs. B-D. Given the senior positions occupied by these third party witnesses, the short notice and proximity to the end of the year, it is unsurprising that none of these third party witnesses are available on the dates they are commanded to appear. *Id.*,

---

[1] Everett has agreed to charge half of this amount in connection with a deposition taken by Zurich.

RC1/5230037.1/TAD        - 7 -        *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AND/OR TO QUASH OR MODIFY SUBPOENAS

¶ 11. Accordingly, the Court should enter an order protecting Everett, SCS and Clarke and/or modify the subpoenas such that they provide a reasonable amount of notice to these third party witnesses.

Though no precise notice provision is prescribed by the Federal Rules, at least ten days notice is generally considered to be a reasonable minimum. *See, e.g., In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) However, "reasonableness" depends on the nature of the action and is determined on a case-by-case basis.[2] *Id.*

The discovery date in this action is, apparently, rapidly approaching. Zurich thus faces a crisis of its own creation. Indeed, each of the depositions it now seeks has already been calendared and subsequently canceled by the other defendants. Dr. Everett's deposition was originally noticed by Pacific Indemnity in November when there remained sufficient time to determine an available and agreed upon date in the first half of December. Had Zurich simply joined Pacific Indemnity's subpoena or issued one of its own for that same date the deposition would have proceeded regardless of the fact Pacific Indemnity settled out of this case. The same is true of the SCS and Clarke depositions, for which deposition dates were <u>twice</u> agreed upon, once in connection with Pacific Indemnity's subpoena and again in connection with Stonebridge's subpoena.

Instead of cooperating with its co-defendants, or working with the third-party deponents such that they knew their depositions would actually take place and could adequately prepare and keep the originally scheduled dates open, Zurich did nothing. Zurich has presumably been long aware of the discovery cut-off date in this action. It has also has known of the apparent need of the defendants to depose

---

[2] The subject matter of these depositions, should they take place, will concern sophisticated scientific and legal matters. The underlying district court litigation concluded over two years ago. As a result of the complex nature of the case and the passage of time, a reasonable amount of preparation time is required. Accordingly, the notice period provided by Zurich is unreasonable even if Everett, SCS and Clarke were available on the dates in the subpoena it issued.

RC1/5230037.1/TAD - 8 - *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AND/OR TO QUASH OR MODIFY SUBPOENAS

Everett, SCS and Clarke since, at the absolute latest, when Pacific Indemnity issued its subpoenas in early November.

In any event, Everett, SCS and Clarke are each unavailable on the dates they must purportedly appear at their depositions. Everett is being deposed in San Diego on December 17, 2008. Dolan Decl., ¶ 11. The person most knowledgeable at SCS, Ken Lister, is the lead geologist in a contamination remediation project at the Port of Long Beach and is scheduled to meet with clients and regulators throughout the week beginning December 15, 2008. *Id.* Clarke has prepaid vacation plans to the East Coast and to RMKB's Boston office. *Id.*, ¶ 12. In delaying its issuance of subpoenas until the eve of its discovery cutoff (and until late in the holiday season), Zurich ran the risk of witness unavailability. Zurich took that risk and must itself bear the consequences.

Everett, SCS and Clarke respectfully request that if their depositions take place at all, that they be scheduled during the first or second week in January.

## IV.
## CONCLUSION

For the reasons set forth herein, and or any other reason the court finds necessary or just, the specially appearing parties respectfully request that the Court quash, modify or order protection from, Zurich's subpoenas.

Dated: December 15, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
THOMAS H. CLARKE, JR.
TIMOTHY A. DOLAN